S.M. v. Oxford Health Plans

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand sixteen.

PRESENT: DENNIS JACOBS,
PETER W. HALL,
<u>Circuit Judges</u>.
JANE A. RESTANI,[*]
<u>Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
S.M.,
<u>Plaintiff-Appellant</u>,

-v.- 15-1234

Oxford Health Plans (NY),
Incorporated, a/k/a Oxford Health
Insurance, Inc., Oxford Health Plans
LLC, United Healthcare Services, Inc.,
United Health Group Incorporated,
<u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

---

[*]     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

1

**FOR APPELLANT:**          GABRIEL BERG, Kennedy Berg LLP, New York New York (Charles Matays, Matays Law Group PLLC, New York, New York on the brief).

**FOR APPELLEES:**          JOHN F. KAPACINSKAS (Richard A. Ross & Pari I. McGarraugh on the brief) Fredrikson & Byron, P.A., Minneapolis, Minnesota.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff S.M. appeals from the judgment of the United States District Court for the Southern District of New York (Ramos, J.), granting summary judgment in favor of defendants Oxford Health Plans (NY), Inc., a/k/a Oxford Health Insurance, Inc. ("Oxford"), Oxford Health Plans LLC, United Healthcare Services, Inc., and United Health Group Incorporated. Plaintiff argues (1) the district court improperly weighed Oxford's structural conflict of interest; (2) the district court abused its discretion by declining to expand the administrative record; (3) the district court erred in finding Oxford's decision supported by substantial evidence and not arbitrary and capricious; (4) the district court erred by not granting relief on the basis that Oxford withheld information from the external reviewer; (5) the district court erred by dismissing Oxford's corporate parents as defendants; and (6) the district court erred in declining to award damages or attorney's fees to S.M.

This Court reviews the grant of summary judgment in an ERISA action de novo and generally applies the same legal standard of review employed by the district court. McCauley v. First Unum Life Ins. Co., 551 F.3d 126, 130 (2d Cir. 2008). An administrator's decision to deny benefits is ordinarily reviewed de novo; but if, as here, "written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'" Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2d Cir. 1995). Thus, we may upset Oxford's

determination only if it was "without reason, unsupported by substantial evidence or erroneous as a matter of law." Miles v. Principal Life Ins. Co., 720 F.3d 472, 486 (2d Cir. 2013) (internal quotation marks omitted).  In our review, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.  Conflict of interest is a factor in the arbitrary and capricious standard of review.  Once a conflict has been identified, "the court goes on to determine how heavily to weight the conflict of interest thus identified, considering such circumstances as whether procedural safeguards are in place that abate the risk, 'perhaps to the vanishing point.'"  Durakovic v. Bldg. Serv. 32 BJ Pension Fund, 609 F.3d 133, 138 (2d Cir. 2010) (quoting Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 117 (2008)).  Courts decline to "assign any weight to a conflict of interest 'in the absence of any evidence that the conflict actually affected the administrator's decision.'"  Roganti v. Metro. Life Ins. Co., 786 F.3d 201, 218 (2d Cir. 2015) (quoting Durakovic, 609 F.3d at 140).

As the district court ruled, Oxford took affirmative steps to reduce the risk of bias, including consulting with the plaintiff and her treating physician and assigning separate individuals to process plaintiff's appeal. Plaintiff argues that Oxford has a history of biased claims. The district court's rejection of that argument was properly supported by citation to prior decisions in which Oxford's conflict of interest was given little weight.  See Fay v. Oxford Health Plan, 287 F.3d 96, 109 (2d Cir. 2002).

In any event, there was no indication in the record that the conflict affected the outcome in the plaintiff's case.  Oxford's initial agreement to pay for three months of IVIG treatment makes it unlikely that the decision not to extend that coverage was driven by financial interest.  See Durakovic, 609 F.3d at 140 ("No weight is given to a conflict in the absence of any evidence that the conflict actually affected the administrator's decision.").

2.  The district court's refusal to expand the administrative record was not an abuse of discretion.  In ERISA cases applying the arbitrary and capricious standard of review, we have "repeatedly said that a district court's decision to admit evidence outside the administrative record

3

is discretionary, 'but which discretion ought not to be exercised in the absence of good cause.'" Krauss v. Oxford Health Plans, Inc., 517 F.3d 614, 631 (2d Cir. 2008) (quoting Juliano v. Health Maint. Org. of N.J., Inc., 221 F.3d 279, 289 (2d Cir. 2000)).

As to the deposition of Dr. Lundblad, the district court correctly reasoned that it shed no additional light on the merits because it revealed no bias in the coverage determination.  Similarly, the report for S.M.'s treatment in 2013 was relevant in that it tended to show the 2011 denial was not impacted by a structural conflict, but did not bear on whether the 2011 denial of coverage was arbitrary and capricious.  Finally, the district court determined that because S.M. had not challenged the IVIG Policy itself, there was not good cause to admit the medical journal articles demonstrating the reasonableness of the Policy.

3.  A medical necessity determination is arbitrary and capricious only if the decision is "without reason, unsupported by substantial evidence or erroneous as a matter of law."  Fay, 287 F.3d at 104 (citation omitted).  It is undisputed that the plaintiff's plan only covers medically necessary services and that medical necessity for continuation of IVIG coverage is governed by the terms of the IVIG Policy.  Defendant's doctor concluded that S.M.'s undisputed condition did not meet the standard for coverage contained in the policy because: (1) there was no evidence that S.M. had a confirmed diagnosis of any approved condition; (2) there was no documentation of impaired production of antibodies to specific antigens; and (3) there was no documentation that the medical condition under treatment had not fully resolved.  The reasonableness of this decision is further confirmed by the external review sought by S.M., which agreed with Oxford's denial of coverage.  The district court did not err in determining that defendant did not act arbitrarily or capriciously and that defendant's decision was supported by substantial evidence.

4.  The plaintiff contends that Oxford withheld from the external reviewer an internal Oxford report.  However, the report was merely a collection of the information submitted by S.M.  The same clinical information that Oxford considered when it initially denied the coverage request was provided to the external reviewer.  Compare Joint App'x A-

4

831-841, 843-854 (materials submitted to Oxford by S.M.) with Joint App'x 777-817 (S.M.'s external appeal applications). The district court properly declined to grant relief because Oxford withheld no clinical information from the external reviewer.

5. The plaintiff argues that other defendants were improperly dismissed. As a general matter, "a parent corporation and its subsidiary are regarded as legally distinct entities and a contract under the corporate name of one is not treated as that of both." Carte Blanche (Sing.) Pte., Ltd. v. Diners Club Int'l, Inc., 2 F.3d 24, 26 (2d Cir. 1993). The district court properly relied on corporate disclosure statements to determine that Oxford, Oxford Health Plans LLC, and United Healthcare Services, Inc., are all wholly owned subsidiaries of United Health Group Incorporated. The plaintiff alleges no wrongdoing by the other defendants, was not in privity with them, and has offered no reason to pierce the corporate veil and attribute any conduct by Oxford to them.

6. To get an award of attorney's fees in an ERISA action, a plaintiff "must show 'some degree of success on the merits.'" Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255 (2010) (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983)). This plaintiff achieved no success, and is therefore not entitled to fees or costs.

For the foregoing reasons, and finding no merit in plaintiff's other arguments, we hereby AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK